E-FILED on   3/23/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA ANN GENS,<br><br>  Plaintiff,<br><br>  v.<br><br>COLONIAL SAVINGS, F.A.; ASSOCIATED BANK, NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>  Defendants. | No. 11-cv-05526 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW REFERENCE<br><br>[Re Docket Nos. 1, 4] |

Two motions are pending before this court arising out of adversary proceedings filed by plaintiff: (1) the motion of defendants to withdraw the reference; and (2) the motion of defendant Associated Bank seeking a protective order to stay all discovery until the preliminary matter of withdrawal of the reference has been resolved. The court hereby grants the motion to withdraw the reference. This renders the motion for a protective order moot. Plaintiff's request for sanctions made in her opposition to the motion for a protective order is denied.

**I. BACKGROUND**

Plaintiff filed an adversary proceeding on July 20, 2011 alleging grievances against a mortgage lender arising out of a foreclosure proceeding in connection with residential property in the State of Wisconsin. Plaintiff claims that in 2007, without notification to or authorization from the

plaintiff, defendant Associated Bank, N.A. ("Associated Bank") stopped making automatic withdrawals from her checking account for payment of a note securing property in Lake Geneva, Wisconsin. Plaintiff also claims that Associated Bank illegally transferred assignment of the Note to defendant Colonial Bank, F.A. ("Colonial Bank").

Subsequently, Colonial Bank allegedly filed a Lis Pendens action against plaintiff before the Circuit Court of Walworth County in the State of Wisconsin. As part of a 2008 settlement in that case, plaintiff alleges that she paid $35,872.34 to Colonial Bank, which she believes was not properly recorded.

In March 2009, plaintiff alleges that Colonial Bank, acting through an agent, intentionally trespassed on her property and caused considerable damage. The agent purportedly attempted to kick in the front doors to the property and removed locks on a side door, among other actions. As a result, plaintiff claims, the heating system and doors were disabled, walls and cabinets were vandalized, and carpets were stained. She estimates structural damage of over $11,600, as well as stolen personal property exceeding $49,200 worth of electronic devices.

Plaintiff claims to have told defendant Colonial Bank in writing and verbally that the residence was not abandoned. Despite this notice, she claims Colonial Bank again authorized an agent to trespass on the property and cause further damage in January of 2010.

On May 21, 2010, plaintiff filed for Chapter 11 bankruptcy in Bankruptcy Court in the Northern District of California.

On July 20, 2011, plaintiff initiated an adversary proceeding in bankruptcy court asserting multiple causes of action against defendants, including: (1) quiet title; (2) rescission of the subject loan; (3) rescission of the 2008 settlement with Colonial Bank; (4) trespass; and (5) conversion. She also asserts causes of action under (6) the Racketeer Influenced and Corrupt Organizations Act (RICO) regarding the pattern of charging excessive fees and using intimidation to coerce payment and (7) Unfair and Deceptive Business Act Practices (UDAP) for adding and concealing outrageous charges. Finally, plaintiff alleges that defendants violated (8) the Consumer Credit Reporting Agencies Act (CCRAA) and (9) the Fair Debt Collection Practices Act (FDCPA).

On August 23, 2011, defendants filed a motion for withdrawal of the reference to transfer this case from bankruptcy court to the district court. Plaintiff has not filed any opposition to this motion.  On February 6, 2012, defendant Associated Bank filed a motion for protective order to stay all discovery until the preliminary matter of withdrawal of reference is resolved. Plaintiff filed an opposition which essentially accuses the defendants of delay and seeks an award of sanctions for that delay.

## II. ANALYSIS

### A.   Mandatory Withdrawal

The district court "*shall*" withdraw a case when the court determines that "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added). Accordingly, the Ninth Circuit "mandates withdrawal of cases requiring material consideration of non-bankruptcy federal law." *Security Farms v. Int'l Brotherhood of Teamsters, Chauffers, Whearhousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (finding that efficiency was enhanced by withdrawal where non-core issues predominate the claim). This court can clearly withdraw plaintiff's causes of action ((6)-(9)) arising under non-bankruptcy federal laws (RICO, UDAP, CCRAA and FDCPA) from the bankruptcy court's jurisdiction.

### B.   Permissive Withdrawal

Under 28 U.S.C. § 157(d), "the district court *may* withdraw, in whole or in part, any case or proceeding . . . on timely motion of any party, for cause shown" (emphasis added). Because the federal claims are subject to mandatory withdrawal, the question is whether to withdraw the reference as to the first five causes of action: (1) quiet title; (2) rescission of the subject loan; (3) rescission of the 2008 settlement with Colonial Bank; (4) trespass; and (5) conversion. In making the "cause" determination, a district court should consider "the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008. Defendants argue that withdrawal of the reference would prevent this adversary proceeding from extending into additional proceedings in both bankruptcy and district court.

Plaintiff has requested a jury trial, to which defendants have not consented. The Ninth Circuit has determined that bankruptcy courts cannot hear jury trials in non-core matters without the consent of all parties. *In re Cinematronics*, 916 F.2d 1444, 1451 (9th Cir. 1990). And under 28 U.S.C. § 157(c)(1), a bankruptcy judge hearing a non-core proceeding must submit proposed findings of fact and conclusions of law to the district court, and the district court is required to review *de novo* those matters to which a party timely and specifically objects. Thus, any non-core claims must ultimately come before this court. Denying withdrawal in the pre-trial stages of a non-core proceeding only to accept it on a later date for the purpose of hearing the jury trial or reviewing the bankruptcy court's findings would unnecessarily consume judicial resources.

Withdrawal therefore turns on whether plaintiff's claims are core or non-core. None of plaintiff's causes of action are included in the non-exhaustive list of examples of "core" proceedings over which the bankruptcy court has jurisdiction pursuant to 28 U.S.C.S. § 157(b). A "core proceeding" is one that "invokes a substantive right provided by Title 11" or is "a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000). These five causes of action arise out of contract, property and tort law - all of which could arise in the context of a state law proceeding.

District courts have denied withdrawal of reference where state law claims are necessary to resolve the allowance of the defendants' claims in bankruptcy. *See In re Estate Financial, Inc.*, 2011 U.S. Dist. LEXIS 102850 (C.D. Cal. Sept. 9, 2011) (finding that counterclaims relating to defendant's legal services which allegedly led to the ultimate bankruptcy of the plaintiff were so closely related that resolution of the state law counterclaims are necessary to resolve the allowance of the claim itself). Arguably, the second and third causes of action, rescission of the loan and rescission of the 2008 settlement with Colonial Bank could affect the validity of liens and fall into a "core" category. 28 U.S.C. § 157(b)(2)(k). However, neither side addresses this possibility. Furthermore, state law claims have been found to be "non-core" where an adversary proceeding alleges state law claims with only a potential impact on the bankruptcy case and where those claims could have been brought in state court regardless of the bankruptcy proceeding. *See Equipoint Financial Network v. Network Appraisal Services*, 2009 U.S. Dist. LEXIS 63005 (S.D. Cal. July 15,

2009). Accordingly, because plaintiff's first five causes of action could have been brought in state court, they are not "core" proceedings to the bankruptcy case.

In sum, because plaintiff's claims are non-core proceedings that must ultimately be resolved by this court, the court finds it appropriate to withdraw the reference now. In addition, even if some of plaintiff's claims were deemed to be core, the court finds it appropriate to withdraw the entire action to avoid duplicative proceedings in both courts concerning the same underlying allegations.

### C. Request for Stay of Proceedings

Since the motion to withdraw the reference has been granted, the motion for a protective order is moot.

### D. Request for Sanctions

Plaintiff's request for sanctions is denied. Although there has been delay, there does not appear to be any reason to sanction defendant Associated Bank for not setting the motion to withdraw for a hearing. B.L.R. 5011-1(c) provides that no hearing is to be held on a withdrawal motion unless the assigned district judge orders otherwise.

### III. ORDER

For the reasons stated above, the court grants defendant Associated Bank's Motion to Withdraw Reference. The motion for a protective order is moot. The request for sanctions is denied. A case management conference is set for 10:30 a.m. on April 27, 2012. The parties are to comply with the Civil Local Rules in connection with that conference. However, outstanding discovery directed to defendant Associated Bank shall be deemed served as of March 23, 2012.

DATED:    March 23, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge