UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA ANN GENS<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>COLONIAL SAVINGS, F.A.; ASSOCIATED BANK, N.A.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>　　　　　　　Defendant. | Case No.: CV 11-05526 RMW<br><br>ORDERS:<br>(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND;<br>(2) DENYING REQUEST FOR INJUNCTION;<br>(3) DENYING WITHOUT PREJUDICE MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS; AND<br>(4) ORDER RESETTING DATES<br><br>**[Re Docket No. 17, 18, 19, 30 and 33]** |

On February 28, 2013, Plaintiff Laura Gens, proceeding *pro se*, filed a motion for a preliminary injunction against all defendants and a motion to compel discovery and sanctions against defendant Associated Bank. In reviewing the file in preparation for the hearing of these motions, the court realized it had failed to enter a written order on the defendants' motions to dismiss heard on June 29, 2012. The court now issues its written order on the motions to dismiss as well as plaintiff's current motion for a preliminary injunction and motion to compel discovery. The court has considered the papers filed and the arguments of counsel and rules as set forth herein.

### I. Motion to Dismiss

**A. Background**

Plaintiff brings this action against defendants Colonial Savings, F.A., Associated Bank, N.A., and Mortgage Electronic Registration Systems, Inc. (collectively "defendants") alleging violations of the Racketeer Influenced and Corrupt Organizations Act, Fair Credit Reporting Act, and Fair Debt Collection Practices Act, as well as state law claims for quiet title, rescission, trespass, conversion, and violation of the Wisconsin Deceptive Trade Practices Act. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement. For the reasons below, the court grants in part and denies in part the defendants' motions to dismiss with leave to amend.

On April 23, 2001, plaintiff entered into a mortgage loan transaction to acquire residential property (the "property") located at N2403 Cisco Road, Lake Geneva, Wisconsin. Dkt. No. 1 (Compl.) ¶ 1, 5. Plaintiff executed a promissory note (the "note") and mortgage, identifying First Federal Savings Bank of La Crosse-Madison ("First Federal") as the lender, with the power to foreclose. *Id*., Ex. 2. Sometime after April 23, 2001, but prior to May 9, 2007, Associated Bank, N.A ("Associated") merged with First Federal and acquired ownership of the note and mortgage, securing all of First Federal's rights and privileges, including the right to foreclose. *Id.*, Ex. 3.

On May 9, 2007, Associated assigned the note and mortgage to defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* ¶ 7. Like its two predecessors, MERS was entitled to foreclose in the event of default. *Id.*, Ex. 3. Associated did not notify plaintiff of the assignment or attempt to secure her consent. *Id.* ¶ 9. Additionally, Associated stopped automatically withdrawing funds from plaintiff's checking account to make monthly payments on the note, again without notifying her or obtaining consent. *Id.* Plaintiff sent a Qualified Written Request (QWR) to Associated and Colonial Savings, F.A. ("Colonial") (who, according to Colonial, had begun servicing plaintiff's loan[1]) in August 2007, disputing the validity of her outstanding debt

---

[1] Colonial's role in regards to the loan at this point is somewhat unclear. Plaintiff asserts that "Associated illegally transferred assignment of the Note to Defendant Colonial" in 2007. Dkt. No. 1

2
Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

and offering to tender full payment to satisfy the note. *Id.* ¶ 11. Associated and Colonial failed to respond. *Id.* Plaintiff made ongoing attempts to communicate with Associated and Colonial, seeking an accounting and reinstatement of her loan, but neither Associated nor Colonial replied to any of her requests. *Id.* ¶¶ 12-15. Plaintiff also asserts that Colonial repeatedly made false representations regarding its rights and privileges concerning the loan. *Id.* ¶¶ 22-23.

Also in 2007, plaintiff's loan payments became delinquent, and Colonial filed a foreclosure action against plaintiff in the Circuit Court of Walworth County, Wisconsin. *Id.* ¶ 10. In that lawsuit, Colonial allegedly made representations that it was the owner of the note and mortgage. *Id.* The court dismissed the action on September 9, 2008, following a settlement agreement between the parties. Pursuant to this agreement, plaintiff paid Colonial $35,872.34, which plaintiff contends was misapplied and improperly recorded. *Id.*

In March 2009, Colonial acted through an agent to "intentionally trespass," and damage plaintiff's property. *Id.* ¶ 16. Plaintiff alleges that the agent attempted to kick in the front doors to the property, removed locks on the side door, disabled the heating system, vandalized walls and cabinets, and stained the carpets. *Id.* As a result of these actions, plaintiff contends that the property sustained over $11,600 in structural damages. *Id.* Additionally, plaintiff asserts that she lost $42,200 of personal property as a result of this incident. *Id.* ¶ 17. In October 2009, plaintiff submitted another QWR to Associated and Colonial, but again received no response. *Id.* ¶ 11.

Plaintiff subsequently alerted Colonial—both in writing and verbally—that the property was not abandoned. *Id.* ¶ 19. Colonial nevertheless authorized a second "trespass" in January 2010. *Id.* ¶ 19. This trespass again caused damage to the property, requiring $6,430 of further repairs, which plaintiff has yet to complete. *Id.* Plaintiff asserts that she lost additional personal property as a result of this incident, but does not specify what the property was, or the cost to replace these items. *Id.*

---

(Compl.) ¶ 9. In its motion to dismiss, Colonial claims that it is "the loan servicer of Plaintiffs' loan." Dkt. No. 19. Documents attached to the complaint show that Colonial did not acquire ownership of the loan until 2010. For the purposes of these motions, the court will assume that between 2007 and 2010, Colonial was the servicer of plaintiff's loan, rather than the owner of this loan.

3
Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

On May 21, 2010, plaintiff filed for Chapter 11 bankruptcy in the Bankruptcy Court for the Northern District of California.

On July 20, 2011, plaintiff initiated an adversary proceeding in bankruptcy court alleging multiple causes of action against defendants, including: (1) quiet title; (2) rescission of the subject loan; (3) rescission of the 2008 settlement with Colonial Bank; (4) trespass; (5) conversion; (6) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); (7) violation of the Unfair and Deceptive Business Act Practices (UDAP); (8) violation of the Consumer Credit Reporting Agencies Act (CCRAA); and (9) violation of the Fair Debt Collection Practices Act (FDCPA).

On July 22, two days after the initiation of the adversary proceeding, MERS assigned the note and mortgage to Colonial, transferring to Colonial all of its beneficial interests in both security instruments. *Id.,* Ex. 3.

Defendants filed a motion to withdraw the reference on August 23, 2011, which this court granted on March 23, 2012.

Defendants filed motions to dismiss or, alternatively, motions for a more definite statement on May 24, 2012.

**B. Analysis**

**1. Claim for Quiet Title Against Defendant Colonial**

To successfully bring a claim to quiet title under Wisconsin law, a plaintiff must include the following information in her complaint: (1) a description of the real property; (2) the interest of the plaintiff and how the plaintiff acquired that interest; (3) the interest of each person claiming an interest known to be adverse to the plaintiff; and (4) a demand that the interest of the plaintiff be established against adverse claims.[2] Wis. Stat. § 841.02; *see also SJ Properties Suites v. Specialty*

---

[2] The court applies Wisconsin law to plaintiff's claims arising out of contract because the mortgage includes a provision providing that "this security instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Dkt. No. 1 (Compl.) Ex. 2. *See Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992) (stating that California courts shall enforce choice-of-law provisions unless the chosen state has no substantial relationship to the parties or the transaction, or the law of the chosen state would be contrary to a fundamental policy of the forum state, which has a materially greater interest in the determination of the issue).

4
Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

*Fin. Group, LLC*, No. 10–CV–00198, 2012 WL 1079902, at *26 (E.D. Wis. Mar. 30, 2012) (applying each of the four required elements of § 841.02 to determine if a complaint sufficiently states a claim to quiet title). Additionally, a debtor cannot quiet title without first either discharging her debt or, at a minimum, offering to tender payment in her pleading. *See Krugmeier v. Hackett*, 113 N.W. 1103, 1104 (Wis. 1907) (stating that a plaintiff cannot remove a cloud upon his title "without ... repaying the money which he had received upon the faith of such supposed security"); *Hammond v. Erickson*, 116 N.W. 173, 173 (Wis. 1908) ("Clearly, therefore, the decision of the trial court that Erickson's counterclaim for cancellation of the mortgage could not be sustained in the absence of any offer in that *pleading* to pay the true amount of plaintiff's debt was correct.") (emphasis added). Plaintiff has neither alleged that she fully satisfied the note nor included an indication that she will do so in her complaint and, thus, has not stated the required elements of a claim for quiet title.

Further, to the extent that plaintiff's claim for quiet title is based on the allegation that Colonial is not presently the owner of the note and mortgage, her position is contradicted by the documents attached to the complaint, which show that Colonial acquired title to the security instruments on July 22, 2010. Thus, the court grants defendant Colonial's motion to dismiss with leave to amend.

**2. Claims for Rescission Against Defendants Colonial, Associated and MERS**

Plaintiff's claims for rescission rest, in essence, on Colonial's misrepresentation regarding its ownership of the note and mortgage during the 2007-2008 foreclosure proceedings. Plaintiff's claims also rely on the fact that, sometime in 2007, Associated "illegally transferred" the loan and stopped making automatic withdrawals from plaintiff's checking account to satisfy monthly loan payments. Further, plaintiff avers that Colonial fallaciously maintained that it would apply the nearly $36,000 plaintiff paid as part of the settlement agreement to plaintiff's note. Because of Colonial's fabrication of ownership, the alleged unclear chain of title of the loan, and the additional

---

For the sake of consistency, and in the absence of opposition from defendants, this court will also apply Wisconsin law to plaintiff's other state tort claims.

instances of poor communication and misrepresentation, plaintiff asserts that both the loan and settlement agreement are invalid and should be rescinded. Plaintiff's claims sound in fraud.

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Wisconsin courts have interpreted Rule 9(b) to require "the plaintiff to plead with particularity the 'circumstances' of fraud, not the elements of fraud...this means 'the who, what, when, where, and how.'" *Studio & Partners, s.r.l. v. KI*, 2006 WL 3813697, at *2 (E.D. Wis. Dec. 27, 2006) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). The Seventh Circuit has further explained that, when claiming fraud, a plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *see also Tietsworth v. Harley-Davidson, Inc.*, 270 Wis. 2d 146, 156-57 (Wis. 2004); *Malzewski v. Rapkin*, 723 N.W. 2d 156, 162 (Wis. Ct. App. 2006) (reiterating the key elements of fraud under Wisconsin law, including that the defendant knowingly or recklessly made an untrue representation of fact with the intent to deceive the plaintiff, which the plaintiff then relied upon to her detriment).

The only statements that plaintiff identified with any particularity are those that Colonial made in 2007, when it allegedly falsely claimed to be the owner of the note and mortgage. While plaintiff identified Colonial's purported false statements, she has not identified the persons who made those statements, at what point during the settlement proceedings the statements were communicated, and how the statements were issued (e.g. verbally or in writing). While plaintiff claims that the names of the employees who made the fraudulent statements are provided in the "legal documents found in the Exhibits," Dkt. No. 22, she does not identify which employees made the statements, and on which exhibit one can find their names. Although the court acknowledges that in a case like this, in which a plaintiff is proceeding pro se, "there is an obvious tension between the requirements of the Rule 9(b) and the practicality of alleging in elaborate detail facts constituting fraud prior to discovery," *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir. 1982), given that plaintiff appears to know the identities of the employees charged with fraud, she

6

should be required to identify them in order to satisfy the heightened pleading standard. Therefore, plaintiff has not sufficiently pled the "who," "when," and "how" elements of the fraudulent statements.

Additionally, plaintiff has not averred any potentially fraudulent statements made by Colonial, Associated, or MERS regarding Associated's transference of the note or cessation of automatic withdrawals. Accordingly, the court grants Colonial's motion to dismiss with leave to amend.

### 3. Action for Trespass Against Defendant Colonial

Wis. Stat. § 943.14 establishes that one commits trespass when one "intentionally enters the dwelling of another without the consent of some person lawfully upon the premises, under circumstances tending to create or provoke a breach of the peace." Colonial points out that paragraph seven of the mortgage document states that the "lender or its agent may make reasonable entries upon and inspections of the Property." Compl., Ex. 2. However, plaintiff has alleged that at the time that Colonial's agents entered the property, Colonial was not the owner of the mortgage, and thus had no authority to enter without plaintiff's consent. Construing these allegations in the light most favorable to the plaintiff, the court finds that plaintiff has stated a claim for trespass. Accordingly, the court denies Colonial's motion to dismiss.

The court also denies Colonial's motion for a more definite statement, pursuant to Fed.R.Civ.P 12(e). Rule 12(e) states in pertinent part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." The plaintiff in this case provided ample details regarding the trespass, including: the time at which it occurred, the means by which it was accomplished, and the damage that resulted. Plaintiff's pleading was not so vague or ambiguous that Colonial would have insufficient information to develop a responsive pleading.

### 4. Action for Conversion Against Defendant Colonial

Wis. Stat. § 943.20 defines theft as "intentionally tak[ing] and carr[ying] away, us[ing], transferring], conceal[ing], or retain[ing] possession of movable property of another without the

7

Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

other's consent and with intent to deprive the owner permanently of possession of such property." Plaintiff has failed to plead all relevant facts, including specifics regarding which items were taken, and Colonial's intent to permanently deprive plaintiff of these items. The court grants Colonial's motion to dismiss with leave to amend.

### 5. Claim for RICO Violations Against Defendant Colonial

To state a civil RICO claim under 18 U.S.C. § 1962, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 473 (7th Cir. 1997). The Seventh Circuit has interpreted these requirements to mean that a plaintiff must do more than merely "restate[ ] the elements of [the relevant RICO subsection] in boilerplate fashion." *Roa v. BP Products N.Am., Inc.*, 589 F.3d 389, 399 (7th Cir. 2009).

Plaintiff attempts to assert two related RICO claims. First, plaintiff claims that defendant Colonial engaged in a pattern of "charging excessive, hidden fees," which is, again, essentially an accusation of fraud. Compl. ¶ 53. The Seventh Circuit has established that "allegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b), which requires a plaintiff to plead all averments of fraud with particularity." *Slaney*, 244 F.3d at 597 (citing *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998)). A plaintiff must, then, "at a minimum, describe the two predicate acts of fraud with some specificity and state the time, place, and content of the alleged false representation, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Id.* Plaintiff has failed to meet this heightened pleading standard. To satisfy the standard, plaintiff would need to specifically explain what representations defendant Colonial made to conceal excessive fees, when and how Colonial made these representations, and the parties to whom Colonial made them. Plaintiff must further demonstrate that Colonial made such fraudulent representations on at least two separate occasions.[3]

---

[3] *See* 18 U.S.C. § 1961 (5) (explaining that a "pattern of racketeering activity" is defined as at least two instances of such activity).

8

Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

Second, plaintiff claims that defendant Colonial violated RICO by engaging in a "pattern [of] intimidation to coerce payment by repeated home invasions." Compl. ¶ 53. Plaintiff relies on the two instances of alleged trespass to form the basis of her assertion. However, trespass is not included in the definition of "racketeering activity," as articulated by 18 U.S.C. § 1961(1), and plaintiff has failed to cite any cases indicating that instances of trespass would satisfy the requirements of a RICO violation.

Thus, the court grants Colonial's motion to dismiss plaintiff's RICO claim with leave to amend.

### 6. Claim for Violation of the Wisconsin Deceptive Trade Practices Act Against Defendant Colonial

A plaintiff may successfully bring a claim under the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, if "(1) the defendant made a representation to the 'the public' with the intent to induce an obligation; (2) the representation was 'untrue, deceptive or misleading'; and "(3) the representation materially caused a pecuniary loss to the plaintiff." *Grice Engineering, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 922 (W.D. Wis. 2010) (citing *Novell v. Migliaccio*, 749 N.W.2d 544, 553 (Wis. 2008)). Because Colonial did not conceal any fees or costs at the time plaintiff entered into the loan in 2001, Colonial did not *induce* plaintiff to enter into a damaging obligation. Thus, it is not clear that the statute on which plaintiff relies is applicable. The court grants Colonial's motion to dismiss with leave to amend.

### 7. Claim for Violation of Fair Credit Reporting Act Against Colonial

Plaintiff alleges that defendant Colonial improperly obtained her credit reports and provided false information to credit bureaus. Compl. ¶ 60-61. Under the Fair Credit Reporting Act, 15 U.S.C. §§1681s-2(a)-(b), furnishers of information are obligated to accurately report consumer information to credit reporting agencies and fully investigate all notices of dispute. However, as provided by section 1681s-2(c) and (d), only Federal agencies have the power to enforce violations of section 1681 s-2(a). Section 1681s-2(b), on the other hand, provides a private right of action. In order to bring a private action, however, a defendant must receive notice of dispute pursuant to section 1681i(a)(2), which indicates that the consumer must first notify a consumer reporting

9

agency, who then in alerts the furnisher of the information. *See* 15 U.S.C. §§ 1681s-2(b), 1681i(a)(2)(A). While plaintiff asserts that she sent two Qualified Written Requests to both Colonial and Associated, at no point does plaintiff aver that she submitted a notice of dispute to a consumer reporting agency. Defendant Colonial's motion to dismiss is accordingly granted, with leave to amend.

### 8. Claim for Violation of the Fair Debt Collection Practices Act Against Colonial

The Fair Debt Collection Practices Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Act goes on to specify that a debt collector does not include "any officer or employee of a creditor while, in the name of the creditor, colleting debts for such creditor." 15 U.S.C. § 1692a(6)(A). The Seventh Circuit has clarified the meaning of debt collector in the context of mortgage loans, stating that "if the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector…the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). Additionally, the Seventh Circuit has held that a servicer of a loan should not be considered a debt collector if the servicer's activities "concern the collection of an obligation not in default—but instead subject to an ongoing forbearance agreement—at the time they obtained it." *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 386-87 (7th Cir. 1998). In the instant case, there are no facts suggesting that Colonial owned the security instrument prior to 2010. Thus, at the time of the two instances of trespass, Colonial had not "acquired the debt" and so was not acting in a capacity similar to that of the original creditor. However, Colonial contends that it was the servicer of the loan from 2007-2010. Dkt. No. 19. As a

10

Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

servicer of the loan, who ostensibly began servicing the instrument prior to default, Colonial cannot be considered a debt collector as defined by 15 U.S.C. § 1692a.

Additionally, plaintiff alleges that the note is not in default at all, Compl. ¶ 25, which would only further substantiate the fact that Colonial's actions do not fall within the scope of those of a debt collector. Therefore, the court grants defendant Colonial's motion to dismiss, with leave to amend should plaintiff be able to plead facts demonstrating that Colonial's involvement with the loan began after plaintiff was already in default, and that, at that time, Colonial had not acquired an ownership interest in the loan.

C. **Order on Motion to Dismiss**

For the foregoing reasons the court orders as follows:

1) The court grants defendant Colonial's motion to dismiss plaintiff's claim for quiet title, with leave to amend.

2) The court grants defendants' motions to dismiss plaintiff's claims for rescission of the loan and rescission of the settlement agreement, with leave to amend.

3) The court denies defendant Colonial's motion to dismiss plaintiff's claim for trespass.

4) The court grants defendant Colonial's motion to dismiss plaintiff's claim for conversion, with leave to amend.

5) The court grants defendant Colonial's motion to dismiss plaintiff's claim for RICO violations, with leave to amend.

6) The court grants defendant Colonial's motion to dismiss plaintiff's claim for violation of the Wisconsin Deceptive Trade Practices Act, without leave to amend.

7) The court grants defendant Colonial's motion to dismiss plaintiff's claim for violation of the Fair Credit Reporting Act, with leave to amend.

8) The court grants defendant Colonial's motion to dismiss plaintiff's claim for violation of the Fair Dept Collection Practices Act, with leave to amend.

Any amended complaint must be filed within 30 days of the date of this order. If plaintiff chooses to amend her complaint, it appears that her husband, who is also listed on the note and mortgage, must be added as a party to this action.

11

Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND

## II. MOTION FOR PRELIMINARY INJUNCTION

Gens seeks a preliminary injunction to block foreclosure on her Wisconsin property. *See* Mot., Dkt. No. 30.  However, a preliminary injunction is an "extraordinary remedy" and Gens fails to meet the high bar.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  Therefore, her motion is DENIED.

## III. MOTION FOR ORDER COMPELLING DISCOVERY AND SANCTIONS

Gens also moves for an order compelling document production and answers to her requests for admission as well as granting sanctions.  *See* Mot., Dkt. No. 33.  At the March 15, 2013 hearing, Associated Bank agreed to respond to the discovery requests within thirty days, and plaintiff accepted the offer.  Therefore, Associated Bank is ordered to produce the requested documents and respond to the requests for admission by April 15, 2013.  The motion to compel is granted as stated above and the motion for sanctions is denied.

## IV. ORDER RESETTING DATES

The court vacates the current trial dates. *See* Dkt. No. 15.  A case management conference is set for May 17, 2013, at 10:30am.  The court will reset trial dates at that time.

Dated: March 18, 2013



RONALD M. WHYTE
United States District Judge

12

Case No.: CV 11-05526 RMW
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND