1

2

3

4                                                      **E-FILED on**  9/3/2013

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12

13    LAURA ANN GENS,                        Case No. CV 11-05526 RMW
      TIMOTHY GENS,
14
                    Plaintiffs,
15                                            **ORDER RE MOTION TO DISMISS FIRST
          v.                                  AMENDED COMPLAINT**
16
      COLONIAL SAVINGS. F.A.; ASSOCIATED
17    BANK, N.A.; MORTGAGE ELECTRONIC
      REGISTRATION SYSTEMS, INC.
18                                            [Re Docket Nos. 59, 61, 62, and 65]
                    Defendants.
19

20          Plaintiffs Laura A. Gens and Timothy Gens (collectively "Gens"), bring the instant action

21   against defendants, Colonial Savings, F.A., Associated Bank, N.A., and Mortgage Electronic

22   Registration Systems, Inc. ("MERS").  Gens asserts various causes of action against defendants

23   arising under federal and state law.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), Colonial,

24   Associated, and MERS each independently move to dismiss claims against them contained in Gens'

25   First Amended Complaint ("FAC"). Having considered the papers submitted by the parties, the

26   arguments presented by counsel, and for the reasons set forth below, the court GRANTS defendants'

27   respective motions to dismiss.

28

United States District Court
For the Northern District of California

# I. BACKGROUND[1]

On April 23, 2001, Gens acquired the residential property located at N2403 Cisco Road, Lake Geneva, Wisconsin (the "property"). FAC ¶ 1, 5, Dkt. No. 56. Gens financed the purchase by a loan secured by a mortgage on the property and executed a promissory note (the "note") and mortgage, identifying First Federal Savings Bank of LaCrosse-Madison ("First Federal") as the lender, with the power to foreclose. *See* FAC, Ex. 2. Sometime after April 23, 2001, but prior to May 9, 2007, Associated merged with First Federal and acquired ownership of the note and mortgage, securing all of First Federal's rights and privileges, including the right to foreclose. *Id.* at Ex. 3.

Gens alleges that sometime in 2007 "Associated illegally transferred assignment of the Note to Defendant Colonial" and stopped automatically withdrawing funds from Gens' checking account to make monthly payments on the note, without notification to or consent by Gens. FAC ¶ 9. Gens sent a Qualified Written Request ("QWR") to Associated and Colonial in August 2007, disputing the validity of Gens' outstanding debt and offering to tender full payment to satisfy the note. FAC ¶ 11. Associated and Colonial failed to respond. *Id.* Gens also asserts that Colonial repeatedly made false representations regarding its rights and privileges concerning the loan. FAC ¶ 23-24.

Also in 2007, Gens' loan payments became delinquent, and Colonial filed a *"lis pendens"* action against Gens in the Circuit Court of Walworth County, Wisconsin. FAC ¶ 10. The court dismissed the action on September 9, 2008, following a settlement agreement between the parties. Pursuant to this agreement, Gens paid Colonial $35,872.34, which Gens contends was misapplied and improperly recorded. *Id.*

On January 26, 2009, Colonial brought another foreclosure action against Gens in the Circuit Court of Wisconsin for Walworth County. Request for Judicial Notice ("RJN") Ex. 14, Dkt. No. 62. On April 23, 2010, Gens filed a First Amended Cross-Complaint against Colonial and Associated in the same state court action. *Id.*

---

[1] *See also* Order, Dkt. No. 45.

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW

**United States District Court**
For the Northern District of California

1    While the state court action was pending, Gens brought the instant action.  Defendants

2 Colonial, Associated, and MERS each moved to dismiss.  On March 18, 2013, this court granted in

3 part and denied in part defendants' motions.  *See* Order, Dkt. No. 45.  The court denied Colonial's

4 motion to dismiss Gens' trespass and conversion claims. On May 9, 2013, Gens filed an amended

5 complaint.

6    On April 15, 2013, the state court held a hearing on a motion for summary judgment filed by

7 Colonial.  RJN Ex. 14.  The state court granted the motion and entered a final judgment of

8 foreclosure against Gens and in favor of Colonial.  RJN Ex. 10.

9                                    **II.  ANALYSIS**

10    Colonial, Associated, and MERS have now each filed a motion to dismiss the FAC although

11 Colonial has not sought to dismiss the trespass and conversion claims that survived the original

12 motion to dismiss.  As explained below, after taking judicial notice of the judgment and the docket

13 in the state court action, the court finds that three of Gens' claims are barred by issue preclusion.

14 The court also grants defendants' respective motions to dismiss Gens' other claims because Gens

15 has failed to adequately plead them and, with respect to their claim against MERS for fraudulent

16 assignment, Gens lacks standing to bring claims against it.

17 **A.  Consideration of Documents Beyond the Complaint**

18    On a motion to dismiss, the court may take judicial notice of documents outside of Gens'

19 complaint that are "matters of public record" as long as the facts noticed are not "subject to

20 reasonable dispute."  *Intro-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th

21 Cir. 2007) (citations omitted); *see also* Fed. R. Evid. 201(b).  In particular, a court may take judicial

22 notice of pleadings, memoranda, and other verifiable documents from earlier related litigation.

23 *Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The complaints,

24 docket report, and decision in the state court action are public records not subject to reasonable

25 dispute, and the court may therefore consider them for the purpose of determining what issues were

26 raised and adjudicated by the state court.  The court takes notice of the following documents

27 contained in Colonial's Request for Judicial Notice, Dkt. No. 62:

28    Exhibit 10.    State court foreclosure judgment against Gens ("Judgment");

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW                                         3

United States District Court

For the Northern District of California

1        Exhibit 14.     State court docket report for foreclosure action ("Foreclosure Docket

2                 Report").

3 The court does not address the other documents in Colonial's judicial notice request, as they were

4 not needed to reach its conclusion.

5 **B.**      **Colonial and Associated's Motions to Dismiss Claims Barred by Issue Preclusion**

6        Colonial and Associated argue that because the state court entered judgment against Gens on

7 April 15, 2013, issue preclusion bars three of Gens' claims in the instant action.[2] Gens argues that

8 issue preclusion does not apply.

9        Issue preclusion, alternatively known as collateral estoppel, "bars a party who has had a full

10 and fair opportunity to litigate an issue of fact or law in an earlier proceeding from relitigating any

11 issues 'that were actually litigated and necessarily decided.'" *Robi v. Five Platters, Inc.*, 838 F.2d

12 318, 322 (9th Cir. 1988) (*citing Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir.1979),

13 *quoted in Americana*, 754 F.2d at 1529). "In both the . A district court may consider the affirmative

14 defense of issue preclusion on a Rule 12(b)(6) motion to dismiss. *See id.*

15        A state court's final judgment on an issue of law or fact precludes the relitigation of that

16 same issue in federal court. "The preclusive effect of a state court judgment in a subsequent federal

17 lawsuit generally is determined by the full faith and credit statute, which provides that state judicial

18 proceedings 'shall have the same full faith and credit in every court within the United States.'"

19 *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing 28 U.S.C.

20 § 1738). The full faith and credit statute "directs a federal court to refer to the preclusion law of the

21 State in which judgment was rendered." *Id.* Thus, the court looks to Wisconsin law because a

22 Wisconsin court entered final judgment on the original foreclosure action. For Wisconsin issue

23 preclusion law to apply, the issue must have actually been litigated and applying issue preclusion

24 must be fundamentally fair.

25        **1.**      **Actually Litigated**

26

27 [2] Colonial also argues that claim preclusion, based on the counter-claims Gens asserted in the state
court action, bar Gens' claims in the instant action. Because the state court judgment did not even

28 acknowledge those claims, the court finds claim preclusion inappropriate.

1    Under Wisconsin law, issue preclusion applies when a "question of fact or law" has actually

2  been litigated in a previous action and the issue was necessary to the judgment.  *Mrozek v. Intra Fin.*

3  *Corp.*, 699 N.W.2d 54, 61 (Wis. 2005).  If an issue of fact or law "is actually and necessarily

4  determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits

5  based on a different cause of action involving a party to the prior litigation.'"  *Paige K.B. ex rel.*

6  *Peterson v. Steven G.B.*, 594 N.W.2d 370, 374 (Wis. 1999) (quoting *Montana v. U.S.*, 440 U.S. 147,

7  153 (1979)).  An issue is "actually litigated" when it is "'properly raised, by the pleadings or

8  otherwise, and is submitted for determination, and is determined.'"  *City of Sheboygan v. Nytsch*, 722

9  N.W.2d 626, 630 (Wis. App. 2006) (citations omitted).

10    Here, the court finds that issue preclusion should apply to bar Gens' claims for quiet title,

11  rescission of the loan, and rescission of the settlement agreement.  These issues were decided by the

12  Wisconsin court's findings of law and fact in its judgment of foreclosure.  The Wisconsin court

13  determined that: (1) Colonial is the mortgagee of record and the lawful holder or bearer of the note,

14  (2) the note and the mortgage were assigned to Colonial by an Assignment of Mortgage dated May

15  9, 2007, and (3) that the total sum due from Gens to Colonial based upon the note and related fees is

16  $285,022.97.  *See* Judgment at 3.

17    Gens is attempting to relitigate these issues even though they were decided in the Wisconsin

18  foreclosure judgment.  In the claim to quiet title, Gens disputes the identity of the holder of the note

19  and the mortgage on the Wisconsin property.  The Wisconsin foreclosure judgment found that

20  Colonial holds the note.  Furthermore, in bringing claims for rescission of the loan and rescission of

21  the settlement agreement, Gens disputes the amount Gens owed Colonial, which the Wisconsin court

22  also determined.  Because these issues were raised, submitted for determination, and determined by

23  the Wisconsin court in its foreclosure judgment, the court finds that the claims for quiet title,

24  rescission of the loan, and rescission of the settlement were "actually litigated."

25    **2.    Fundamentally Fair**

26    If the issue was actually litigated, then the court must determine whether applying issue

27  preclusion is fundamentally fair in the circumstances.  *Mrozek*, 678 N.W.2d at 61.  Under Wisconsin

28  law courts may consider some or all of the following factors:

United States District Court
For the Northern District of California

1  (1) could the party against whom preclusion is sought, as a matter of law, have obtained
2  review of the judgment; (2) is the question one of law that involves two distinct claims or
   intervening contextual shifts in the law; (3) do significant differences in the quality or
3  extensiveness of proceedings between the two courts warrant relitigation of the issue; (4)
4  have the burdens of persuasion shifted such that the party seeking preclusion had a lower
   burden of persuasion in the first trial than in the second; or (5) are matters of public policy
5  and individual circumstances involved that would render the application of collateral
   estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain
6  a full and fair adjudication in the initial action?

7  *Michelle T. v. Crozier*, 495 N.W.2d 327, 330 (Wis. 1993).

8      First, Gens has an opportunity to obtain a review of the judgment.  At oral argument, Gens

9  admitted filing an appeal of the April 15, 2013 foreclosure judgment.  Second, if the court were to

10 allow Gens to relitigate the issues, there would be no contextual difference in terms of the law,

11 because this court would also apply Wisconsin law.[3]

12     Third, even if there are difference between extent of Gens' participation in the proceedings,

13 the differences do not rise to the level of being unfair.  Although Gens argues that by denying a

14 motion to appear telephonically in the foreclosure action, the Wisconsin court denied Gens' right to

15 defend the suit, and that its foreclosure judgment therefore was improper, these assertions contradict

16 the public record.  First, the docket report indicates that Gens was able to defend against the

17 foreclosure action in writing by submitting a brief in opposition to summary judgment in the state

18 court action on April 8, 2013.  *See* Foreclosure Docket Report.  Second, the docket report also

19 reveals that Gens only submitted a written request for telephonic testimony on April 12, 2013, just

20 three days before the hearing, leaving no time to make other arrangements when the court exercised

21 its discretion and denied the motion.  *Id.*

22     Fourth, Gens has not argued that the burden of persuasion is different.  Finally, Gens has

23 failed to show that applying issue preclusion would be contrary to public policy.

24      For these reasons, the court finds that it is fundamentally fair to apply issue preclusion, and

25 thus dismisses Gens' claims for quiet title, rescission of the loan, and rescission of the settlement

26
27 [3] As set forth in its previous order, the court applies Wisconsin law to Gens' claims arising out of
   contract because the mortgage contains a provision that provides that "this security instrument shall
   be governed by federal law and the law of the jurisdiction in which the Property is located."
28 Complaint, Dkt. No. 1, Ex. 2; Order 4 n.2.

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW                                          6

1    agreement.

2

3    **C.    Remaining Claims Against all Defendants**

4          Also at issue in defendants' motions to dismiss are: (1) Colonial's alleged RICO violations,

5    FAC ¶¶ 58-61; (2) Associated and MERS' alleged violation of the Wisconsin Deceptive Trade

6    Practices Act, FAC ¶¶ 62-65; (3) Colonial, Associated, and MERS' alleged violation of the Fair

7    Credit Reporting Act,[4] FAC ¶¶ 66-73; and (4) Colonial, Associated, and MERS' alleged violation of

8    the Fair Debt Collection Practices Act, FAC ¶¶ 74-77.  Finally, Gens alleges that a mortgage

9    assignment from MERS to Colonial on May 9, 2007, was "fraudulent in that the signors for

10   Defendant MERS [were] not officers or employees of MERS as represented on the assignment."

11   FAC ¶¶ 7, 31.

12         **1.    Legal Standard**

13         To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

14   plaintiff's complaint must make "factual allegations [that are sufficient] to raise a right to relief

15   above a speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On a motion

16   to dismiss, a court must take all of the factual allegations in a complaint as true, but the court need

17   not accept as true "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions

18   presented as facts.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  A trial court may also

19   dismiss a claim *sua sponte* under Rule 12(b)(6) if it determines that a claimant clearly cannot win

20   relief.  *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

21         **2.    RICO**

22         As set forth in the court's prior order, to state a civil RICO claim under 18 U.S.C. § 1962, a

23   plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering

24   activity.  *Sedima, S.P.R.L v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Slaney v. The Int'l

25   Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *Mira v. Nuclear Measurements Corp.*,

26   107 F.3d 466, 473 (7th Cir. 1997).  A pattern of racketeering activity is defined as at least two

27   _____

28   [4]  In the First Amended Complaint, Gens sporadically refers to 15 U.S.C. § 1681(a)-1681(s) as the
     "Consumer Credit Reporting Agencies Act."  FAC at 13.

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW                                                    7

**United States District Court**
For the Northern District of California

1    instances of such activity. *See* 18 U.S.C. § 1961(5). To adequately plead a RICO claim, a plaintiff

2    must do more than merely "restate[ ] the elements of [the relevant RICO subsection] in boilerplate

3    fashion." *Roa v. BP Products N. Am., Inc.*, 589 F.3d 389, 399 (7th Cir. 2009).

4         Gens sixth cause of action appears to assert that Colonial engaged in a pattern of racketeering

5    activity by intimidating plaintiffs in the Wisconsin lawsuit by "damaging the tangible real and

6    personal property of Plaintiffs," FAC ¶¶ 59, and by a "pattern of charging excessive, hidden fees,"

7    *id.* at 60. Neither plaintiffs nor Colonial offer more than minimal briefing concerning this

8    cause of action.

9              a.      Interfering with the judicial process

10        Racketeering activity can include obstruction of justice, 18 U.S.C. § 1503, and tampering

11   with or intimidating a witness, 18 U.S.C. §§ 1512, 1513. *See* 18 U.S.C. § 1961(1). Gens now

12   alleges that Colonial "tampered with and retaliated against [Gens] as parties and witnesses in the

13   then pending Wisconsin lawsuit 07-CV-1031 by damaging the tangible real and personal property of

14   Gens." FAC at ¶ 59. Gens claims that Colonial and its agents broke into the Wisconsin property in

15   March 2009, and then again in January 2010 but fails to allege facts showing that these alleged

16   break-ins were to obstruct or intimidate them as parties and witnesses or were done by an enterprise

17   through a pattern of racketeering. If plaintiffs elects to amend this cause of action, the court hopes

18   the parties will more thoroughly address the viability of the claim if Colonial again chooses to move

19   to dismiss.

20              b.      Excessive fees

21        Gens also alleges a RICO violation against Colonial for its pattern of charging excessive and

22   hidden fees. This claim is identical to Gens' claim in the original complaint. *Compare* Complaint ¶

23   53 *with* FAC ¶ 60. As the court previously concluded the claim sounds in fraud and is therefore

24   subject to heightened pleading standards. Order 8. As the court explained in its prior order,

25   plaintiff must describe at least two predicate acts of fraud with specificity. Order 10; *see also*

26   *Slaney*, 244 F.3d 580, 597 (7th Cir. 2001). In Gens' amended complaint she newly alleged one

27   representation with specificity, a phone call with Ms. Garcia (*See* FAC ¶¶ 37, 44, 75) but does not

28   allege that it was fraudulently made. Gens still fails to allege the a second representation or

United States District Court
For the Northern District of California

1    concealment that was intentionally false.  Therefore, Gens' RICO claim is dismissed with leave to

2    amend.

3         **3.      Violation of the Wisconsin Deceptive Trade Practices Act**

4         A claim under the Wisconsin Deceptive Trade Practices Act requires that: "(1) the defendant

5    made a representation to 'the public' with the intent to induce an obligation; (2) the representation

6    was 'untrue, deceptive, or misleading'; and (3) the representation materially caused a pecuniary loss

7    to the plaintiff."  *Grice Engineering v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 922 (W.D. Wis.

8    2010) (citing *Novell v. Migliaccio*, 749 N.W.2d 554, 553 (Wis. 2008)); Wis. Stat. § 100.18.  The

9    Deceptive Trade Practices Act prohibits claims filed "more than three years after the occurrence of

10   the unlawful act or practice which is the subject of the action."  Wis. Stat. § 100.18(11)(b)(3).

11        In support of the seventh cause of action, Gens only alleges that MERS, along with

12   Associated, failed to "disclose facts and a circumstance" related to the note and mortgage and placed

13   Gens in a loan with "outrageous fees, costs, charges etc. while concealing these fees charges."  FAC

14   at  ¶ 63.  This claim sounds in fraud, and therefore must satisfy the particularity requirements of

15   Federal Rule of Civil Procedure 9(b).  *See generally Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

16   1103-4 (9th Cir. 2003).

17        Gens fails to allege with particularity any fraudulent representations or omissions made by

18   either Associated or MERS that would have induced Gens or the public to assume a loan obligation.

19   And even if Gens had properly stated a claim, it would be untimely.  Her claim is based on

20   representations, or lack of representations, related to Associated's assignment of the mortgage to

21   MERS, which allegedly took place on May 9, 2007.  Gens did not bring the instant action until late

22   2011, more than three years after the assignment.  Thus unless Gens can allege misleading

23   representations that took place within three years of filing suit–and she has not–the claims are

24   barred.  Wis. Stat. § 100.18(11)(b)(3).

25        **4.      Violation of the Fair Credit Reporting Act**

26        In its last Order, the court dismissed Gens' FCRA claim for failure to allege that she notified

27   a federal reporting agency.  Order at 10.  In the First Amended Complaint, Gens only adds an

28   allegation that she notified the Federal Trade Commission.  FAC ¶ 67.  The Federal Trade

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW                                                  9

1    Commission is not a consumer reporting agency.  *See* 15 U.S.C. § 1681a(p).[5]  Accordingly, Gens'

2    FCRA claim is dismissed.

3        **5.      Violation of the Fair Debt Collection Practices Act**

4        Gens alleges that defendants have violated the Fair Debt Collection Practices Act (FDCPA),

5    which only applies to debt collectors.  *See* 15 U.S.C. §§ 1692k.  A debt collector under the Act is

6    anyone whose principal purpose is to collect another's debt.  § 1692a(6).  As the court explained in

7    its previous order, the Act treats assignees [of mortgages] as debt collectors if the debt sought to be

8    collected was in default when acquired by the assignee, and as creditors if it was not.  *Schlosser v.*

9    *Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

10       Gens has failed to amend her complaint to allege that any of the three defendants were debt

11   collectors.  Based on the Amended Complaint, Colonial appears to have been acting as a creditor not

12   a debt collector because Gens denies ever having defaulted on the mortgage loan, FAC ¶ 25, and

13   there is no allegation that Colonial believed the loan was in default when it acquired it.  Similarly,

14   Gens fails to allege that Associated or MERS engaged in any debt collection activity and thus all

15   claims under the FDCPA fail.

16       There is also a one year statute of limitations under the FDCPA and thus claims based on any

17   conduct before July 20, 2010, are statutorily bared.  *See* 15 U.S.C. §§ 1692k(d).

18       **6.      Claim Against MERS for Fraudulent Assignment of Mortgage**

19       MERS was not a party to the Wisconsin action and thus issue preclusion does not bar Gens'

20   first two causes of action for quite title and rescission of the loan as to MERS.  Gens claims against

21   MERS appear to be based on the allegation that the May 9, 2007 mortgage assignment from MERS

22   to Colonial was fraudulent.  FAC ¶¶ 7, 31, 37.  MERS argues that Gens does not have standing to

23   bring this claim.

24       Generally, third parties to mortgage assignments do not have standing to challenge an

25

26   _____

     [5]  A consumer reporting agency ... regularly engages in the practice of assembling or evaluating, and
     maintaining, for the purposes of furnishing consumer reports bearing on a consumer's credit
27   worthiness, credit standing, or credit capacity, public record information, or credit account
     information from persons who furnish such information in the ordinary course of business.  15
28   U.S.C. § 1681a(p).

     ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
     Case No. CV 11-05526 RMW
     JR / SW                                          10

United States District Court
For the Northern District of California

1  assignment.  *See Javaheri v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 3426278, at *6 (C.D. Cal.

2  Aug. 13, 2012); *Repokis v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 2373350, at *2 (E.D. Mich.

3  June 25, 2012).  A third party to an assignment would have standing to challenge the assignment

4  only if he or she is able to trace a concrete and particularized injury to that assignment.  *In re*

5  *Mortgage Electronic Registration Systems (MERS) Litigation*, 2012 WL 932625, at *3 (D. Ariz.

6  Mar. 20, 2012).

7          Here, Gens is a third party to the assignment and does not allege any concrete or

8  particularized injury traceable to the assignment.  While Gens complains that MERS added

9  outrageous fees, costs, [and] charges, she fails to plead that these resulted from the assignment.

10  FAC at ¶ 63.  The court therefore dismisses Gens' claim against MERS for fraudulent assignment of

11  the mortgage.

12                              **III.  ORDER**

13          For the reasons explained above, the court orders as follows with respect to each of the causes

14  of action at issue:

15  •       First Cause of Action - Quiet Title: dismissed with prejudice.

16  •       Second Cause of Action - Rescission of the Loan: dismissed with prejudice.

17  •       Third Cause of Action - Rescission of the 2008 Settlement Agreement: dismissed with prejudice.

18

19  •       Fourth Cause of Action - Trespass against Colonial: not addressed in motion to dismiss.

20  •       Fifth Cause of Action - Conversion against Colonial: not addressed in motion to dismiss.

21  •       Sixth Cause of Action - RICO against Colonial: dismissed with leave to amend.

22  •       Seventh Cause of Action - Wisconsin Deceptive Trade Practices Act against Associated and
23          MERS: dismissed with leave to amend.

24  •       Eighth Cause of Action - Fair Credit Reporting Act: dismissed with prejudice.

25  •       Ninth cause of Action - Fair Debt Collection Practices Act: dismissed with prejudice.

26

27

28

United States District Court
For the Northern District of California

1    If Gens can, in good faith, amend the complaint as to those claims for which amendment has

2  been allowed, she must file any amended complaint by September 26, 2013.

3

4

5

6   DATED:    September 3, 2013

    RONALD M. WHYTE
7   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE MOTION TO DISMISS FIRST AMENDED COMPLAINT
Case No. CV 11-05526 RMW
JR / SW                                        12