UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA ANN GENS and TIMOTHY GENS,<br><br>Plaintiffs,<br><br>v.<br><br>COLONIAL SAVINGS, F.A.; ASSOCIATED BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Defendants. | Case No. C-11-05526-RMW<br><br>**ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re Docket Nos. 96] |

Plaintiffs Laura and Timothy Gens (collectively "Gens"), move for leave to file a motion for reconsideration under Local Rule 7-9. As the moving party, Gens must show that there is a material difference in fact or law from what was presented to the court in the original motion, new material facts have emerged, the law has changed, or there was manifest failure by the court to consider material facts. L.R. 7-9(b). Gens cannot make this showing.

Gens argues that this court wrongly dismissed three of his claims for issue preclusion based upon a Wisconsin state court's order granting summary judgment. *See* Dkt. Nos. 85, 96. In the Wisconsin court's finding of facts, it stated that Gens' mortgage was assigned to Colonial on May 9, 2007. Dkt. No. 62-10 ¶ 6. Gens claims that this is "error on its face" because "[t]here is no May 9, 2007 assignment." Dkt. No. 96 at 1. Presumably, Gens is arguing that the mortgage was not

assigned to Colonial on May 9, 2007, based on two mortgage assignment documents that Gens attached to their amended complaint. *See* Dkt. No. 56-1. One document apparently assigns Gens' mortgage from Associated Bank to Mortgage Electronic Registration Systems ("MERS") on May 9, 2007. *Id*. The other apparently assigns the mortgage from MERS to Colonial on July 22, 2010. *Id*. Based on these assignments, Gens argues that the Wisconsin court's summary judgment order was in error and thus this court's order should be reconsidered because it relied on the Wisconsin order.

Gens' argument, however, does not justify reconsideration. First, the 2010 assignment does not clearly establish that the Wisconsin court was in error because MERS provides a system for the easy transfer of ownership of mortgages and a "side effect of the MERS system is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1151 (2011). Thus, Colonial may have owned the mortgage even if it was in MERS' name. Second, and more importantly, Gens' argument is not based on new evidence, facts, or changes in the law, as required for a court to reconsider an order. Colonial moved to dismiss for issue preclusion based on the Wisconsin court's decision, which Colonial attached to its filing. *See* Dkt. Nos. 61, 62. The mortgage assignments supporting Gens' argument for reconsideration were attached to their amended complaint, which was filed before the motion to dismiss. *See* Dkt. No. 56. Gens knew that Colonial had moved to dismiss for issue preclusion based on the Wisconsin order, and thus Gens could have made the argument in their opposition to Colonial's motion to dismiss that they now make in support of reconsideration, but they did not. They cannot raise the argument now, long after the court decided the motion. Accordingly, Gens' motion to for leave to file a motion for reconsideration is denied.

Dated: January 7, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

ORDER
Case No. C-11-05526-RMW
SW
- 2 -