UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA ANN GENS and TIMOTHY GENS,<br><br>Plaintiffs,<br><br>v.<br><br>COLONIAL SAVINGS, F.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>Defendants. | Case No. C-11-05526-RMW<br><br>**ORDER GRANTING IN PART MOTION OF DEFENDANTS COLONIAL SAVINGS, F.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTIONS TO DISMISS**<br><br>[Re Docket Nos. 100, 101] |

In the prior order on defendants' motions to dismiss ("MTD"), Dkt. No. 113, the court required Colonial Savings, F.A. ("Colonial") and Mortgage Electronic Registration Systems, Inc. ("MERS") to re-serve their motions to dismiss on plaintiffs. Dkt. No. 100 (Colonial MTD); Dkt. No. 101 (MERS MTD).[1] Plaintiffs opposed Colonial's motion to dismiss but did not file an opposition to MERS' motion to dismiss. Dkt. No. 118. The court addresses the motions on the papers.

**ANALYSIS**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must make "factual allegations [that are sufficient] to raise a right to relief above a

---

[1] The prior order dismissed the 1st, 2nd, 3rd, 8th, and 9th causes of action with prejudice and dismissed all claims against defendant Associated Bank with prejudice. Dkt. No. 113, 117.

ORDER
Case No. C-11-05526-RMW
LM

- 1 -

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss, a court must take all of the factual allegations in a complaint as true, but the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions presented as facts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A trial court may also dismiss a claim *sua sponte* under Rule 12(b)(6) if it determines that a claimant clearly cannot win relief. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

### A. Colonial Motion to Dismiss

Plaintiffs assert four causes of action against Colonial in the Second Amended Complaint (SAC): trespass, conversion, RICO, and violations of the Wisconsin Deceptive Trade Practices Act.

#### 1. Trespass

Plaintiff alleges that an unknown agent of Colonial forcibly entered their residence and caused property damages. SAC ¶ 16 (trespass in March 2009), ¶ 19 (trespass in January 2010). Colonial's response is that as a servicer of the Gens' mortgage they were entitled to "make reasonable entries upon and inspections of the Property." Dkt. No. 100 at 12. Taking the plaintiffs' allegations as true, the court has no doubt that kicking in a door or forcibly removing locks on the property is not a "reasonable entry." *See* SAC ¶¶ 16, 19. Gens has plausibly alleged that an agent of Colonial committed a trespass, and Colonial's motion to dismiss count 4, trespass, is denied.

#### 2. Conversion

Plaintiff alleges that when their house was vandalized in March 2009 by the unknown Colonial agent, "computers, cameras, and other electronics including a professional/scientific low-light camera" were converted. SAC ¶¶ 17, 54. Plaintiff also alleges "personal possessions were stolen" in the January 2010 break-in. SAC ¶¶ 19, 54. Colonial argues that plaintiff has failed to plead that Colonial intended to permanently deprive plaintiffs of their property, which is a required element of conversion under Wisconsin law. Wis. Stat. § 943.20. Plaintiff's response is that they inadvertently removed the "intent to permanently deprive" allegation, which was present in their First Amended Complaint. *See* Dkt. No. 56, ¶ 54. Plaintiff requests leave to amend their complaint to re-allege the removed facts.

Because plaintiff did not adequately plead conversion, the fifth cause of action against Colonial is dismissed, but the court grants leave to add paragraph 54 of the First Amended Complaint to a Third Amended Complaint.

### 3. RICO

Plaintiff alleges that Colonial violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(c). To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Sedima, S.P.R.L v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *see also Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 473 (7th Cir. 1997). A pattern of racketeering activity is defined as at least two instances of such activity. *See* 18 U.S.C. § 1961(5). To adequately plead a RICO claim, a plaintiff must do more than merely "restate[ ] the elements of [the relevant RICO subsection] in boilerplate fashion." *Roa v. BP Products N. Am., Inc.*, 589 F.3d 389, 399 (7th Cir. 2009).

Racketeering activity can include obstruction of justice, 18 U.S.C. § 1503, and tampering with or intimidating a witness, 18 U.S.C. §§ 1512, 1513. *See* 18 U.S.C. § 1961(1). Plaintiff alleges that at each of two break-ins described above, and at a third attempted break-in in 2013, a Colonial agent left a note saying things like "DROP LAWSUIT OR ELSE MORE TO COME" and "PAYBACK FOR SUING A TEXAS BANK." SAC ¶¶ 60, 61. These statements could constitute obstruction of justice and/or intimidating a witness.

Colonial's only argument against the RICO claim is that they do not believe plaintiffs' allegations about the notes. Because the court must accept the facts alleged in the complaint as true, and Colonial has not provided any substantive reason to dismiss the RICO claims, the motion to dismiss is denied.

### 4. Wisconsin Unfair and Deceptive Trade Practices Act

A claim under the Wisconsin Unfair and Deceptive Trade Practices Act (UDAP) requires that: "(1) the defendant made a representation to 'the public' with the intent to induce an obligation; (2) the representation was 'untrue, deceptive, or misleading'; and (3) the representation materially caused a pecuniary loss to the plaintiff." *Grice Engineering v. JG Innovations, Inc.*, 691 F. Supp. 2d

915, 922 (W.D. Wis. 2010) (citing *Novell v. Migliaccio*, 749 N.W.2d 554, 553 (Wis. 2008)); Wis. Stat. § 100.18.  UDAP prohibits claims filed "more than three years after the occurrence of the unlawful act or practice which is the subject of the action."  Wis. Stat. § 100.18(11)(b)(3).

Plaintiffs allege that transfer of the mortgage from MERS to Colonial in 2010 was fraudulent because the Assignment was improperly signed. SAC ¶ 68. Colonial responds that the Wisconsin Court already decided that the assignment from MERS to Colonial was valid and therefore there was no "untrue, deceptive, or misleading" representation. *Grice*, 691 F. Supp. 2d at 922. Furthermore, Colonial argues that the July 22, 2010 assignment is still outside the three-year statute of limitations because it does not relate back to the filing of the original complaint.

Claims asserted in amended pleadings are relate back to the date of the filing of the original pleading if they "arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading." Wis. Stat. § 802.09(c). Here, the prior complaint alleged that Associated and MERS "failed to undergo a diligent underwriting process, properly adjust and disclose facts and a circumstance relating to Plaintiffs' Note and Mortgage and placed Plaintiffs in a loan in which Defendants MERS and Associated would add outrageous fees, costs, charges etc. while concealing these fees/charges." Dkt. No. 56, FAC ¶ 63. This allegation failed to put defendant Colonial on notice that its actions in 2010 could form the basis of a UDAP claim and therefore does not relate back to the original complaint or FAC. *Biggart v. Barstad*, 182 Wis. 2d 421, 430 (Ct. App. 1994) ("Adequate notice in the original complaint of the transaction, events or occurrence out of which the amended claims arise is essential if a party's statutory right to the protections of the statutes of limitations are to be guaranteed.").  Because the UDAP claim in the SAC does not relate back to the earlier-filed complaints, it is barred by the three-year statute of limitations. *See* Dkt. No. 98 (SAC filed Nov. 15, 2013). The UDAP claim against Colonial is dismissed without leave to amend.

### B.  MERS Motion to Dismiss

The only claim remaining against MERS in the SAC is the Seventh Cause of Action, violations of the UDAP. Like Colonial, MERS argues that this claim is barred by the three-year statute of limitations, Wis. Stat. § 100.18(11)(b)(3).  While the prior complaint did put MERS on

notice that the Gens' believed they could state a UDAP claim against MERS, nothing in the prior complaint alleged that the 2010 transfer from MERS to Colonial was fraudulent or that the document was improperly signed. As above, this failed to place MERS on notice of the claim now being asserted. *Biggart v. Barstad*, 182 Wis. 2d at 430. Because the UDAP claim in the SAC does not relate back to the earlier-filed complaints, it is barred by the three-year statute of limitations. The UDAP claim against MERS is dismissed without leave to amend.

## ORDER

For the reasons explained above, the court orders as follows with respect to each of the remaining causes of action at issue:

- Fourth Cause of Action - Trespass against Colonial: motion to dismiss denied.
- Fifth Cause of Action - Conversion against Colonial: dismissed without prejudice.
- Sixth Cause of Action - RICO against Colonial: motion to dismiss denied.
- Seventh Cause of Action - Wisconsin Deceptive Trade Practices Act against Colonial and MERS: dismissed with prejudice as to both Colonial and MERS.
- First, Second, Third, Eighth, and Ninth Causes of Action—previously dismissed with prejudice.[2]

The court grants plaintiffs leave to add paragraph 54 of the First Amended Complaint to a Third Amended Complaint. The Third Amended Complaint must be filed on or before April 10, 2014. This will be the "one last leave to amend" as requested by the Gens. Dkt. No. 118 at 3.

Dated: March 27, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge

---

[2] The Gens are not required to re-plead these causes of action in their amended complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (overruling prior rule that claims not re-alleged are waived and holding that "[f]or claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.").