1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| LAURA ANN GENS and TIMOTHY GENS, | Case No. C-11-05526-RMW |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR SANCTIONS; DENYING MOTION TO DISMISS AS MOOT** |
| COLONIAL SAVINGS, F.A.; ASSOCIATED BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | |
| Defendants. | **[Re Dkt. Nos. 130, 140, 154]** |

Plaintiffs Timothy and Laura Gens (collectively, "Gens" or "plaintiffs") filed suit against

defendants Colonial Savings, F.A., Associated Bank, N.A., and Mortgage Electronic Registration

Systems, Inc., (collectively, "defendants") on claims arising out of a foreclosure in Wisconsin.

Plaintiffs alleged nine claims in their Third Amended Complaint. Dkt. No. 129. The court

previously dismissed plaintiffs' 1st, 2nd, 3rd, 7th, 8th, and 9th claims with prejudice. Dkt. Nos. 113,

117, 122 (prior Orders). Plaintiffs' remaining claims are for trespass, conversion, and a civil RICO[1]

violation. Following service of plaintiffs' Third Amended Complaint, defendants MERS and

Colonial moved to dismiss. Dkt. No. 130.[2] Defendants also filed a motion for sanctions in

---

[1] 18 U.S.C. § 1961(c)

[2] Defendant Associated Bank joined in the motion to dismiss. Dkt. No. 132.

**United States District Court**
For the Northern District of California

connection with the Gens' failure to appear at depositions and produce documents. Dkt. No. 140. After later successfully taking the Gens' depositions, and receiving some discovery from the Gens, defendants filed a motion for summary judgment on all remaining claims. Dkt. No. 154. Plaintiffs have not filed an opposition to the summary judgment motion. *See* Dkt. No. 169. As explained below, the court grants defendants' motion for summary judgment, denies the motion for sanctions, and denies as moot the motion to dismiss.

## I.  MOTION FOR SUMMARY JUDGMENT

As relevant to this motion, plaintiffs assert that defendants committed the torts of trespass and conversion when defendants unlawfully entered plaintiffs' Wisconsin property, damaged it, and stole personal possessions. TAC ¶¶ 16-19. Plaintiffs also allege a civil RICO claim based on notes allegedly left by defendants that threatened retaliation. *Id.* at ¶¶ 60-61.

Defendants' motion for summary judgment is supported with evidence, and states that agents of Colonial did in fact enter plaintiffs' property in order to inspect the property, winterize it, and ensure that it was secure and undamaged. Colonial was authorized to enter the house pursuant to an express provision in plaintiffs' mortgage. Dkt. No. 154 at 10-11. As Colonial was authorized to enter the home, it did not commit trespass. *See* Wis. Stat. § 943.14. Plaintiffs have not come forward with any evidence supporting their allegations that Colonial damaged the property or converted their personal possessions. Furthermore, plaintiffs have not come forward with the notes that are alleged to constitute RICO violations, despite Mr. Gens testifying at his deposition that he had and could produce the notes. Dkt. No. 154-4, Exhibit N, Tim Gens Dep. at 49:1-7.

Having reviewed defendants' motion and supporting evidence, the court concludes that summary judgment in favor of defendants is warranted. Fed. R. Civ. P. 56(c). As accurately detailed in defendants' notice of no opposition, Dkt. No. 167, and reflected on the docket, plaintiffs have failed to timely respond to defendants' motions at least five times in the last 12 months. The court has granted plaintiffs numerous extensions, including a two-month extension following the reported death of plaintiffs' son. Dkt. No. 158. Despite these extensions of time, and multiple opportunities to present their case to the court, plaintiffs have still failed to come forward with evidence to support their claims. The failure of a party to support an assertion of fact may be considered by the opposing

United States District Court
For the Northern District of California

party as a failure of proof. Fed. R. Civ. P. 56(c)(1)(B). The court sees no reason for this litigation to continue, especially in light of defendants' submission of evidence in support of their motion for summary judgment. Accordingly, the court grants the motion for summary judgment.

## II.  MOTION FOR SANCTIONS

As detailed in the court's prior Order compelling document production and attendance at depositions, the Gens' failed to appear for depositions and did not respond to discovery requests. *See* Dkt. Nos. 134, 151. As a result of plaintiffs' noncompliance with discovery requests, defendant Colonial moved for sanctions. Dkt. No. 140. The court denies the motion for sanctions because the Gens complied with the Court's order to appear at their depositions, Dkt. No. 151, and produced some documents (which may be all the documents they have) in response to defendants' discovery requests. Furthermore, as the court is granting summary judgment, sanctions are not needed to deter further delay or to compensate defendants for the costs of additional discovery based on plaintiffs' actions.

## III.  ORDER

For the reasons explained above, the court grants defendants' motion for summary judgment, denies the motion for sanctions, and denies as moot the motion to dismiss.

Dated: February 6, 2015

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge

**United States District Court**
For the Northern District of California