UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GENS and LAURA GENS,<br><br>    Plaintiff,<br><br>    v.<br><br>COLONIAL SAVINGS, F.A., et al.,<br><br>    Defendants. | Case No.  5:11-cv-05526-RMW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 173 |

Defendant Colonial Savings, F.A. ("Colonial") moves for attorney's fees incurred in defending the instant case. Colonial requests $163,464 in attorney's fees. The court held a hearing on the motion for attorney's fees on April 10, 2015. Counsel for Colonial appeared by phone. Neither plaintiffs nor plaintiffs' counsel appeared.[1] For the reasons explained below, the court GRANTS IN PART and DENIES IN PART the motion. The court grants Colonial $57,650 in attorney's fees.

---

[1] Plaintiffs' counsel filed a motion to withdraw on March 20, 2015. Dkt. No. 178. The court has not granted the motion to withdraw as of this order. The hearing on the motion to withdraw is scheduled for April 17, 2015.

5:11-cv-05526-RMW
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES

1

## I. BACKGROUND

On April 23, 2001, plaintiffs entered into a mortgage loan transaction to acquire the residential property located at N2403 Cisco Road, Lake Geneva, Wisconsin ("Property"). Dkt. No. 129, Third Amended Complaint ("TAC") at ¶¶ 1, 5. Plaintiffs executed a promissory note ("Note") and mortgage ("Mortgage"). *See* Plaintiffs' Second Amended Complaint ("SAC"), Exh. 1 & 2, Dkt. No. 98. Plaintiffs defaulted on the Mortgage, and defendant Colonial began foreclosure proceedings in Wisconsin. TAC ¶ 10. Plaintiffs allege that during the foreclosure proceedings agents of Colonial trespassed on the Property, damaged the Property, and removed plaintiffs' personal items from the Property. Plaintiffs also allege that agents of Colonial left notes at the property threatening retaliation for plaintiffs' attempts to stop the foreclosure through judicial proceedings.

On July 20, 2011, plaintiffs initiated an adversary proceeding in bankruptcy court alleging multiple claims against defendants, including: (1) quiet title; (2) rescission of the subject loan; (3) rescission of a 2008 Settlement with Colonial; (4) trespass; (5) conversion; (6) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (7) violation of the Unfair and Deceptive Business Act Practices ("UDAP"); (8) violation of the Consumer Credit Reporting Agencies Act ("CCRAA"); and (9) violation of the Fair Debt Collection Practices Act ("FDCPA"). *See* Dkt. No. 1. Defendant filed a motion to withdraw the reference on August 23, 2011, *see* Dkt. No. 1, which this court granted on March 23, 2012. Dkt. No. 6.

Defendant then filed a motion to dismiss, which the court granted in part. The court dismissed plaintiffs' 1st, 2nd, 3rd, 5th, 6th, 8th, and 9th claims with leave to amend; the court dismissed plaintiffs' 7th claim against Colonial with prejudice; and the court denied defendant's motion to dismiss plaintiffs' 4th claim. *See* Dkt. No. 45. Following a judgment in the Wisconsin foreclosure proceedings, the court dismissed plaintiffs' 1st, 2nd, 3rd, 8th, and 9th claims with prejudice on the basis of res judicata. Dkt. No. 85. The court later dismissed the 7th cause of action with prejudice as well. *See* Dkt. Nos. 113, 117, 122.

5:11-cv-05526-RMW
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES

2

After the court's March 27, 2014 order granting in part and denying in part the motion to dismiss the SAC, only three claims remained: trespass, conversion, and civil RICO. Colonial remained as the only defendant. Dkt. No. 122. Colonial then moved for summary judgment, which the court granted on February 6, 2015. Dkt. No. 171. Colonial now seeks its attorney's fees and costs. Dkt. No. 173.

## II. ANALYSIS

As Colonial acknowledges, "[a]n award of attorney's fees to a litigant in federal court is improper in the absence of a contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." *Sea-Land Serv., Inc. v. Murrey & Son's Co., Inc.*, 824 F.2d 740, 744 (9th Cir. 1987). Here, plaintiffs explicitly agreed in their Mortgage and Note that defendants would be entitled to their reasonable attorneys' fees and expenses incurred in the furtherance of the remedies outlined in their Mortgage and Note. The Mortgage and Note provide that Colonial may recover attorney's fees related to "enforcing" the Note and Mortgage. The Note provides for attorney's fees under the section related to "Borrower's failure to pay as required." Dkt. No. 98-1 at 7. The Mortgage provides for attorney's fees relating to "protect[ing] the Lender's interest in the Property" and "fees for services performed in connection with Borrower's default." *Id.* at 22.

Six of plaintiffs' claims clearly required Colonial to take action to protect its interests and to enable it to enforce plaintiffs' debt obligation, specifically plaintiffs' claims for: (1) quiet title; (2) rescission of the subject loan; (3) rescission of a 2008 Settlement with Colonial; (7) violation of the Unfair and Deceptive Business Act Practices ("UDAP"); (8) violation of the Consumer Credit Reporting Agencies Act ("CCRAA"); and (9) violation of the Fair Debt Collection Practices Act ("FDCPA"). Thus, Colonial may recover fees for defense of those claims pursuant to the terms of the Note and Mortgage contract between the plaintiffs and Colonial.

Colonial in addition seeks fees for defending the trespass and conversion claims on the basis that the claims arose out of Colonial's enforcement of the Mortgage. Specifically, Colonial

argues that because Colonial defended the trespass claims by using the Mortgage's right of entry provision, its defense was sufficiently related to the terms of the Mortgage to justify attorney's fees. The court does not agree. First, it is appropriate to separate out the legal theories related to Colonial's costs arising from plaintiffs' default from the costs related to the trespass and conversion claims. For example, in *Zabkowicz v. West Bend Co.*, the Seventh Circuit instructed the district court to consider whether plaintiff's Title VII claims, for which she could recover attorney's fees by statute, were sufficiently related to plaintiff's non-Title VII claims such that attorney's fees could be awarded on all claims. 789 F.2d 540, 551 (7th Cir. 1986). The court reasoned that if the non-Title VII claims share "'a common core of facts' or are 'based on related legal theories'" to the Title VII claims, plaintiff could recover attorney's fees on her entire case. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The court then evaluated whether "the claims seek relief for essentially the same course of conduct." *Zabkowicz*, 789 F.2d at 551 (quotation omitted).

Here, the trespass and conversion claims would require proof of facts different from those that would have been required to defeat Colonial's foreclosure-related claims. For example, if Colonial proved that the Gens were in default and it properly foreclosed on the property, the Gens could still prove their trespass and conversion claims. The trespass claims are based on allegations that agents of Colonial entered the Property without permission *and damaged the Property*. The Mortgage gives Colonial the right to enter the Property and "secure" the Property:

> **9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument**. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . [including] entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off.

Dkt. No. 98-1 at 7-8. However, the Mortgage does not permit Colonial to damage the Property.

5:11-cv-05526-RMW
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES
4

Had plaintiffs come forward with some evidence supporting their trespass and conversion claims, the court may have denied summary judgment on those claims despite the Mortgage's provision allowing Colonial to secure the Property. Therefore, because the trespass and conversion claims are not sufficiently related to the facts pertaining to Colonial's foreclosure claim, the court denies Colonial's request for attorney's fees on the trespass and conversion claims.[2]

As discussed above, Colonial may recover attorney's fees for claims 1, 2, 3, 7, 8, and 9. These claims were all dismissed with prejudice as of March 27, 2014. Dkt. No. 122. After that point, no foreclosure-related claims remained in the case. Nonetheless, plaintiffs filed their TAC including the six dismissed claims. Colonial therefore filed another motion to dismiss or strike. Dkt. No. 130. The court denied that motion as moot since the claims were no longer in the case when summary judgment was rendered. Dkt. No. 171. Because Colonial should not recover fees related to defending the trespass, conversion and RICO claims, the court will award fees through March 27, 2014, plus fees related to the motion to dismiss the Third Amended Complaint that are not clearly related to the RICO claim, plus fees incurred in filing the motion for attorney's fees. Taking Colonial's suggestion, to which plaintiffs offered no objection, the court divides the fees equally across each claim, that is, Colonial is assumed to have spent 1/9 of its fees per claim.

Having reviewed Colonial's billing records, the court thus awards Colonial $57,650 in attorney's fees. This figure is calculated as follows: ($75,171.50 + $5,611.50 + 5,692.50) * (6/9). This equation adds all of Colonial's fees through the March 27, 2014 Order Granting In Part and Denying In Part Motion to Dismiss (Dkt. No. 122), plus Colonial's fees in moving to strike or dismiss the allegations in the Third Amended Complaint that are not clearly related to only to the RICO claim, plus Colonial's fees related to filing the motion for attorney's fees, and then

---

[2] Colonial does not request attorney's fees for defending the RICO claim, because Colonial seeks its attorney's fees related to the RICO claim in its Bill of Costs. Dkt. No. 174. Regardless, for the reasons explained *infra*, the RICO claim, like the trespass and conversion claims, is not sufficiently related to the Mortgage to allow Colonial to recover its attorney's fees incurred in defending the RICO claim. The RICO claim would have involved facts relating to the trespass incidents and the notes allegedly left at the Property.

1  discounts the fees by the proportion of claims related to the mortgage.[3]

2      Finally, the court notes that plaintiffs raised no objections to the hourly rates of Colonial's counsel or to the reasonableness of the hours spent defending the case.  Here, Colonial's counsels' rates appear reasonable and are below the Laffey Matrix.  Dkt. No. 173 at 5, 7-8.  Furthermore, Colonial submitted detailed billing records showing the amount of time spent per task, which also appear reasonable.  Dkt. No. 173-2.  A reasonable rate times the reasonable hours gives the "presumptively reasonable" amount of fees.  *Apple, Inc. v. Samsung Electronics Co.*, C 11-1846 LHK PSG, 2012 WL 5451411 (N.D. Cal. Nov. 7, 2012), *citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Kraszewski v. State Farm General Ins. Co.*, Case No. C 79-1261 TEH, 1984 WL 1027, at *5-6 (N.D. Cal. June 11, 1984).

**III. ORDER**

    For the reasons explained above, the court awards Colonial $57,650 in attorney's fees.

**IT IS SO ORDERED**.

Dated: April 10, 2015

_____
Ronald M. Whyte
United States District Judge

---

[3] For example, TransNo. 680156 is listed as "Analysis of pleading for discovery and 12b6 motion as to Rico claim."  Dkt. No. 173-2 at 13.  The court does not award any fees for this entry because it is clearly related to the RICO claim.  In contrast, TransNo. 683585 is listed as "Review Third Amended Complaint in anticipation of further Motion to Strike/Dismiss."  *Id.* at 14.  This entry presumably relates to all claims in the Third Amended Complaint, including the six mortgage-related claims, and thus is included in the court's calculation of fees.